Affirmed and Memorandum Opinion filed July 26, 2005









Affirmed and Memorandum Opinion filed July 26, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00007-CR

____________

 

CHARLIE
MATTHEW DAVIS, JR., Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________________

 

On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 02CR2111

______________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Charlie Matthew Davis,
Jr., challenges his conviction for murder, alleging: (1) the evidence is
factually insufficient to support the jury=s
rejection of appellant=s
self-defense claim, and (2) his trial counsel rendered ineffective
assistance.  We affirm.

I.  Factual
and Procedural Background








During
the early morning hours of June 28, 2002, appellant and Michael Wiley were
arguing in the parking lot of H.T.=s Lounge
in Galveston County, Texas.  The argument
escalated, and appellant shot Wiley six times. 
Wiley died later that morning at the hospital.  Appellant was charged by indictment with
murder.  Appellant pleaded not guilty. 

At trial, appellant claimed he
was acting in self-defense when he shot Wiley and gave the following
account.  Wiley approached appellant
outside the bar and grabbed a necklace and charm from around his neck.  Because appellant was scared, he started
walking toward his car.  Wiley followed
him and threatened to kill him. 
Appellant got into his car, but Wiley kept coming toward him.  Wiley then reached in his back pocket.  Appellant, believing Wiley was reaching for a
weapon, pulled his gun from behind the driver=s seat
and shot Wiley.  Appellant felt his life
was being threatened and thought he was going to die if he did not shoot
Wiley.  Appellant was afraid of Wiley
because Wiley had a history of mental illness and had threatened his life
before.

Edward Senegal, a friend of
appellant=s who was also at H.T.=s Lounge
that evening, offered a different version of events.  He testified that he saw appellant and Wiley
arguing in the parking lot.  Senegal was
unable to understand all of what appellant and Wiley were saying, but he did
testify that he heard Wiley say, AIf you
want some of this come on and get it.@  Senegal never saw Wiley reach for a weapon
and never heard Wiley threaten to kill appellant.  Senegal stated that Wiley raised his fists,
but never swung at appellant.  Wiley and
appellant walked towards appellant=s
car.  Appellant got in, and Wiley closed
the car door for him.  As Wiley was
walking back towards H.T.=s Lounge,
appellant calmly got out of the car and fired six shots at Wiley.

A jury found appellant guilty and
assessed punishment at fifty years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.








II.  Issues and Analysis

A.        Is the evidence factually insufficient
to support the jury=s rejection of appellant=s self-defense claim?

In his first issue, appellant
alleges that the evidence is factually insufficient to support the jury=s
rejection of his self-defense claim.  We
disagree.

A person commits murder if the
person intentionally or knowingly causes the death  of an individual or intends to cause serious
bodily injury and commits an act clearly dangerous to human life that causes
the death of an individual.  Tex. Pen. Code Ann. '
19.02(b)(1) & (2) (Vernon 2003).  A
person is justified in using force against another when and to the degree he
reasonably believes the force is immediately necessary to protect himself
against another=s use or
attempted use of unlawful force.  Tex. Pen. Code Ann. ' 9.31(a)
(Vernon 2003).  Use of deadly force
against another is justified (1) if the actor would be justified in using force
against another under section 9.31; (2) if a reasonable person in the actor=s
situation would not have retreated; and (3) when and to the degree the actor
reasonably believes the deadly force is immediately necessary (a) to protect
himself against the other=s use or
attempted use of unlawful deadly force, or (b) to prevent another=s
imminent commission of, among other things, murder, robbery, or aggravated
robbery.  Tex. Pen. Code Ann. ' 9.32(a)
(Vernon 2003).

A defendant bears the burden of
producing some evidence in support of a claim of self-defense.  Saxton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991).  Once the
defendant produces such evidence, the burden falls upon the State to disprove
the raised defense.  Id. at 913B14.  The burden of persuasion is not one that
requires the production of evidence; rather, it requires only that the State
prove its case beyond a reasonable doubt. 
Id. at 913.  There is an
implicit finding against the defensive theory when a jury finds the defendant
guilty.  Id. at 914.  








When evaluating a challenge to
the factual sufficiency of the evidence supporting the fact finder=s
rejection of a claim of self-defense, we review all of the evidence in a
neutral light.  Zuliani v. State,
97 S.W.3d 589, 595 (Tex. Crim. App. 2003). 
We determine whether (1) the evidence, when considered by itself, is too
weak to support the rejection beyond a reasonable doubt, or (2) contrary
evidence, if present, is strong enough that the beyond-a-reasonable-doubt
standard could not be met.  Roy v.
State, 161 S.W.2d 30, 37 (Tex. App.CHouston
[14th Dist.] 2004, no pet.).  In
conducting the factual-sufficiency review, we must employ appropriate deference
so that we do not substitute our judgment for that of the fact finder.  Zuniga v. State, 144 S.W.3d 477, 481B82 (Tex.
Crim. App. 2004).  Our evaluation should
not intrude upon the fact finder=s role as
the sole judge of the weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
In conducting a factual-sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).








Appellant argues the evidence is
factually insufficient to support the jury=s
rejection of his claim of self-defense because (1) Wiley=s
aggressive conduct involved more than mere words; (2) appellant was not able to
retreat; and (3) deadly force was necessary (a) to protect himself
against Wiley=s use or attempted use of
unlawful deadly force, or (b) to prevent Wiley from murdering and robbing
appellant.  As previously
detailed, the State and appellant presented two different versions of what
transpired on the day in question.  By
its verdict, the jury believed appellant was not justified in using deadly
force against Wiley and implicitly rejected appellant=s claim
of self-defense.  The State=s
evidence, when considered by itself, is not too weak to support the implicit
finding, and the contrary evidence is not so strong that the
beyond-a-reasonable-doubt standard could not have been met.  After reviewing all the evidence in a
neutral light, we conclude that the evidence is factually sufficient to support
the jury=s
rejection of appellant=s
self-defense claim.  Therefore, we
overrule appellant=s first
issue.

B.        Was appellant=s trial counsel
ineffective because she failed to request a jury instruction on defense of
property?

In his second issue, appellant
alleges his trial counsel was ineffective because she did not request a
defense-of-property jury instruction.  We
disagree.

Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. U.S.
Const. amend. VI; Tex. Const. art.
I, ' 10; Tex. Code Crim. Proc. Ann.  art.
1.051 (Vernon Supp. 2004).  We evaluate
appellant=s ineffective-assistance-of-counsel
claim under the two-pronged test set forth in Strickland v. Washington.  466 U.S. 668, 687B92, 104 S. Ct. 2052, 2064B67, 80 L. Ed. 2d 674 (1984).  To satisfy the Strickland test,
appellant must prove that (1) in light of all the circumstances at the time of
trial, counsel=s performance fell below an objective
standard of reasonableness under prevailing professional norms, and (2) there
is a reasonable certainty that, but for counsel=s alleged error, the result of the
trial would have been different.  Id.
at 694, 104 S. Ct. at 2068.  Appellant
bears the burden of proving his claims by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).  

In assessing appellant=s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  We presume counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  Appellant has
the burden to rebut this presumption by presenting evidence illustrating why
trial counsel did what she did.  See
id.








Appellant testified that Wiley ripped the charm off of
appellant=s necklace.  Therefore, appellant argues, a
defense-of-property jury instruction was warranted in this case.  At the motion-for-new-trial hearing,
appellant=s trial counsel stated that her
failure to ask for a defense-of-property instruction was not a strategic
decision, but an inadvertent oversight. 
Appellant argues that because his counsel=s failure to request such an
instruction was an omission, we cannot presume it was reasonably professional
and motivated by sound trial strategy. 
Appellant asserts that trial counsel=s failure to request this instruction
and her failure to elicit specific testimony indicating that appellant was
defending his property when he shot Wiley constitutes conduct that falls below
an objective standard of reasonableness under prevailing professional norms.








Assuming without deciding that appellant has shown trial
counsel=s conduct met the first prong of the Strickland
test, appellant has not satisfied the second prong because there is not a
reasonable certainty that, but for counsel=s alleged error, the result of the
trial would have been different.  A person
is justified in using force against another when and to the degree the actor
reasonably believes the force is immediately necessary to recover his tangible,
moveable property from another if (1) the actor used the force immediately or
in fresh pursuit after the dispossession, and (2) (a) the actor reasonably
believed the other had no claim of right when he dispossessed the actor, or (b)
the other accomplished the dispossession by using force, threat, or fraud
against the person.  Tex. Pen. Code Ann. ' 9.41(b)
(Vernon 2003).  Use of deadly force
against another to protect tangible, moveable property is justified (1) if the
actor would be justified in using force against another under Texas Penal Code
section 9.41; (2) when and to the degree the actor reasonably believes the
deadly force is immediately necessary (a) to prevent the other=s
imminent commission of robbery, theft during the nighttime, or criminal
mischief during the nighttime, or (b) to prevent the other=s
immediate flight after committing robbery or theft during the nighttime from
escaping with the property; and (3) the actor reasonably believes that (a) his
property cannot be recovered by any other means, or (b) the use of force other
than deadly force to protect or recover the property would expose the actor to
a substantial risk of death or serious bodily injury.  Tex.
Pen. Code Ann. ' 9.42
(Vernon 2003).

Even if an instruction of defense
of property had been included in the jury charge, there is not a reasonable
certainty that the result of the trial would have been different.  In his statement to police, appellant made no mention of
Wiley grabbing the chain and charm from around appellant=s neck.  At trial, appellant altered his version of
events and testified that Wiley grabbed the chain and charm from around his
neck.  Senegal, however, did not testify
that he saw Wiley grab the necklace or that he saw appellant recover it from
Wiley after the shooting.  In addition,
the charm was not found in Wiley=s possession and the chain was later
recovered from appellant by his private investigator.

The jury implicitly rejected appellant=s self-defense claim when it found
him guilty of murder.  See Saxton,
804 S.W.2d at 914.  Given that the jury is the sole judge
of the credibility of witnesses and the weight to be given their testimony, we
conclude that it is highly unlikely that the jury would have rejected appellant=s self-defense claim but would have
found that appellant was justified in using deadly force to protect his
property.  Accordingly, we overrule
appellant=s second issue.

Having overruled
both of appellant=s issues on appeal, we affirm the judgment of the trial
court.

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed July 26, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do Not
Publish C Tex. R. App. P. 47.2(b).